IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DENISE SMITH, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. AMD 05-578 |
| | : | |
| JOHN E. POTTER, POSTMASTER GENERAL, | : | |
| | : | |
|     Defendant | : | |

...o0o...

MEMORANDUM OPINION

Plaintiff, Denise Smith, an African American employee of the United States Postal Service, acting pro se, instituted this employment discrimination action against her employer on February 28, 2005. After some delay, she effected service of process on defendant. Thereafter, on or about November 10, 2005, defendant filed a motion to dismiss or in the alternative for summary judgment. Smith was notified of her obligation to file a sufficient response only on March 20, 2006, *see Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). On April 6, 2006, Smith filed her opposition to defendant's motion, to which she attached numerous witness statements. No hearing is necessary. Treating the motion as a motion for summary judgment, for the reasons stated below, the court shall grant the motion.

Smith complains of her treatment under the supervision of Joseph Gorman at the postal service facility in Elkridge, Maryland. She ascribes race, gender, retaliation and/or harassment as the motivations for Gorman's mistreatment of her. The mistreatment complained of consists of rudeness, "unprofessional" and "argumentative" means of communicating, disrespect, tasteless joking (e.g., a non-serious response to Smith's alarm

over the presence of a white powder in the workplace), and generally close supervision.

Smith timely contacted an EEO counsel for some of the events and incidents of which she complains, but she acted untimely as to certain other incidents. Ultimately, in its "Final Agency Decision" ("FAD"), the agency dismissed some of her claims as untimely, found that she had failed to state a cognizable claim of discrimination or harassment as to certain other claims, and found that her retaliation claim failed because she was not subjected to an adverse employment action.

Smith filed an untimely appeal to the Equal Employment Opportunity Commission's Office of Federal Operations, which dismissed her appeal by order dated June 9, 2005. In the meantime, Smith had instituted this action, as described above, on February 28, 2005.

Defendant asserts that Smith's judicial action is untimely because, presuming that she received a copy of the FAD on or about November 27, 2004, she did not file her judicial action until 92 days later on February 28, 2005. Apparently, Smith asserted to the EEOC (although she does not so assert here) that she did not receive the FAD until November 30, 2004, and if that is true, then her judicial action would have been timely-filed (on the ninetieth day) on February 28, 2005.

In any event, the court has scoured the summary judgment record, including the sworn statements submitted from various witnesses by Smith in her opposition to defendant's motion, for any indicium that supervisor Gorman's boorish, unprofessional, rude behaviors are motivated by race or any other protected characteristic, or retaliation. There

2

is none. It would appear from the record that Gorman is universally regarded by his subordinates (males and females, blacks and whites) as a terrible supervisor, whose "management style is very negative and confrontational," who "has a problem with using inappropriate language," and who "harass[es] employees about their productivity." Nevertheless, the federal non-discrimination laws are not adapted to the end of grieving such insufferable supervisors. Accordingly, the motion shall be granted. An order follows.


Filed: April 10, 2006                                    /s/
                                                ANDRE M. DAVIS
                                                United States District Judge